IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| SHIDA JAMIE, ) | |
| ) | |
| Movant, ) | |
| v. ) | Civil Action No. 2:13-030583 |
| ) | Criminal Action No. 2:12-00062 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] (Document No. 138.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 140.)

**FACTUAL BACKGROUND**

**Civil Action Nos. 2:10-0859 and 2:10-0992:**

On June 22, 2010, the United States initiated a civil action against Movant and Golden Heart in Home Care, LLC, pursuant to the Federal False Claims Act, 13 U.S.C. §§ 3729-3722, and the common law theories of unjust enrichment, payment by mistake, recoupment and repayment of overpayments, and constructive trust. (Civil Action 2:10-0859, Document No. 1.) On August 6, 2010, the United States also filed an in rem civil action seeking the forfeiture of certain real and personal property. (Civil Action No. 2:10-0992, Document No. 1). On October 9, 2012, the parties filed a Stipulation of Dismissal and a copy of their Settlement Agreement involving the civil Federal False

---

[1] Because Movant is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Claims Act case. (Civil Action 2:10-0859, Document No. 28.) The Settlement Agreement stated, in pertinent part, as follows:

1. Shida Jamie and Golden Heart agree to pay to the United States the following:
    (a) $13,458.50, more or less, from BB&T account no. XXXX3382;

    (b) $57,750.00, more or less, from Clay County Bank account no. XXXX5846;

    (c) $25,937.15, more or less, from Clay County Bank account no. XXXX8874;

    (d) $222,046.72, more or less, from JP Morgan Chase account no. XXXX2530;

    * * *

2. Shida Jamie and Golden Heart agree to relinquish any claim to and otherwise release the following:

    (a) the sum of not less than $233,853 payable to Shida Jamie and/or Golden Heart by Putnam County Aging Program, Inc.; and

    (b) the sum of not less than $9,018 payable to Shida Jamie and/or Golden Heart by Medicaid.

3. Shida Jamie and/or Golden Heart agree to forfeit to the United States the following property, real and personal, which constitutes or was derived from proceeds traceable to one or more health care fraud offenses as that term is defined in 18 U.S.C. § 24.

    (a) Real property consisting of an excavated lot and being situated at 105 Graff Lane, Charleston, Kanawha County, West Virginia, described more particularly in the deed dated October 2, 2008, recorded by the Kanawha County Clerk in Deed Book 2730, page 184; and

    (b) One 2007 Mercedes Benz S550 4-door sedan, Vehicle Identification No. WDDNG86x57A114834, West Virginia Registration No. 1601.

(Id., pp. 5 - 6.) By Order entered on October 15, 2012, the District Court dismissed the above action after noting that the civil action had been compromised and settled. (Id., Document No. 29.) By Agreed Order of Forfeiture filed on October 31, 2012, in the civil forfeiture case, Movant forfeited

to the United States the following real and personal property:

1. Real property situated at 105 Graff Lane, Quarry Creek, Charleston, Kanawha County, West Virginia, being a vacant lot containing 1.3074 acres, together with all improvements thereon and appurtenances thereto, and being more particularly described in that certain deed dated October 2, 2008, and recorded in the Office of the Clerk of the County Commission for Kanawha County, West Virginia, in Deed Book 2730 at page 184 (CATS No. 10-FBI-005376); and

2. One 2007 Mercedes Benz S550V4 Sedan, Vehicle Identification No. WDDNG86X57A114834 (CATS No. 10-FBI-005445).

(Civil Action No. 2:10-00992, Document No. 61.) By Final Order entered on February 5, 2013, the District Court order that Movant's 2007 Mercedes Benz S550V4 Sedan, Vehicle Identification No. WDDNG86X57A114834 was forfeited to the United States free and clear of any adverse right, title or interest. (Id., Document No. 70.) By Final Order entered on November 20, 2013, the District Court ordered that Movant's interested in real property situated at 105 Graff Lane, Quarry Creek, Charleston, West Virginia was forfeited to the United States free and clear of any adverse right, title, or interest. (Id., Document No. 103.)

**Criminal Action No. 2:12-00062:**

Movant was initially charged by Indictment filed on February 29, 2012 (Criminal Action No. 2:12-00062, Document No. 6.), and then by Superseding Indictment filed on August 9, 2012, Movant was charged with one count of health care fraud in violation of 18 U.S.C. § 1347 (Count 1); six counts of making false statements relating to health care matters in violation of 18 U.S.C. § 1035 (Counts 2 - 7); one count of conspiring to alter and falsify records in violation of 18 U.S.C. § 371 (Count 8); one count of falsifying records in violation of 18 U.S.C. § 1519 (Count 9); nine counts of engaging in illegal monetary transactions in violation of 18 U.S.C. § 1957 (Counts 10 - 18); and one count of making a false statement in a matter within the jurisdiction of the Executive Branch in

violation of 18 U.S.C. § 1001 (Count 19.). (Id., Document No. 55.) The Superseding Indictment further contained two forfeiture provisions based upon alleged violations of 18 U.S.C. §§ 1035, 1347, and 1957(a). (Id., pp. 39 - 43.) On September 28, 2012, the United States filed a Motion to Continue the Trial Pending Apprehension of a Material Witness. (Id., Document No. 106.) In support of the Motion, the United States noted that trial was scheduled for October 2, 2012, and there was substantial reason to believe that James "Jimmy" Jamie (Movant's son) was purposefully disregarding the trial subpoena requiring his presence.[2] (Id.) The United States further noted that they had obtained a Material Witness Arrest Warrant for Mr. Jamie. (Id.) By Order entered on October 1, 2012, the District Court granted the United States' Motion to Continue and scheduled trial for October 9, 2012. (Id., Document No. 111.) On October 2, 2012, Movant pled guilty to Count Eight of the Superseding Indictment charging her with conspiracy to alter and falsify records in violation of 18 U.S.C. § 371. (Id., Document Nos. 115 and 116.) A Presentence Investigation Report was prepared. (Document No. 134.) Movant was sentenced on February 21, 2013. (Id., Document No. 132.) The District Court determined that Movant had a Base Offense Level of 14, and a Total Offense Level of 23, the Court having applied the following: (1) a three-level enhancement pursuant to U.S.S.G. § 2J1.2(b)(2) because the offense resulted in a substantial interference with the administration of justice; (2) a two-level enhancement pursuant to U.S.S.G. § 2J1.12(b)(3)(A) and (B) because the offense involved the selection of essential and especially probative records that were extensive in scope; (3) a four-level enhancement pursuant to U.S.S.G. § 3B1.1(a) because Movant played an aggravating role in the offense as an organizer of the criminal activity; (4) a two-level enhancement because Movant abused her position of public trust; and (5) a two-level downward adjustment for acceptance of responsibility. (Id., Document Nos. 133 and 134.) The District Court

---

[2] According to Mr. Jamie's attorney, Mr. Jamie was in Los Angeles, California.

ordered that Movant serve a 46-month term of incarceration to be followed by a three year term of supervised release. (Id., Document Nos. 132.) Movant did not appeal her conviction or sentence to the Fourth Circuit Court of Appeals.[3]

On December 2, 2013, Movant, acting *pro se*, filed her instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum in Support. (Civil No. 2:13-30583, Document No. 138 and 139.) As grounds for *habeas* relief, Movant alleges as follows: (1) Breach of Plea Agreement; (2) Ineffective Assistance of Counsel; (3) Violation of Right to Due Process; and (4) Improper Sentencing Enhancement. (Id.) By Order entered on July 15, 2014, the undersigned ordered the United States to file an Answer to Movant's claims as set forth in her Section 2255 Motion and Memorandum in Support. (Id., Document No. 145.)

On August 18, 2014, the United States filed its Response to Movant's Motion Under 28 U.S.C. § 2255. (Id., Document No. 147.) The United States argues as follows: (1) "The defendant's argument that the United States breached the plea agreement is barred and substantively untrue" (Id., pp. 7 - 12.); (2) "Defendant did not receive ineffective assistance from her counsel (Id., pp. 12 - 18.); (3) "Defendant cannot now raise any constitutional errors regarding any alleged violation of defendant's due process rights" (Id., pp. 19 - 21.); and (4) "Defendant cannot now raise claims that her sentencing guidelines were incorrectly calculated and that the evidence supporting her conviction is lacking" (Id., pp. 22 - 24.). As Exhibits, Respondent attached the following: (1) A copy of the transcript of the Motions Hearing conducted on October 1, 2012 (Id., Document No. 147-1.); (2) A copy of the "Settlement Agreement" as filed in Civil Action No. 2:10-0859 (Id., Document No. 147-

---

[3] In entering the written Plea Agreement (Criminal Action No. 2:12-00062, Document No. 116.), Movant agreed to waive her right to appeal her conviction and sentence and to challenge her conviction and sentence collaterally under Section 2255 except upon allegations of ineffective assistance of cousel.

2.); (3) A copy of the transcript of the Plea Hearing (Id., Document No. 147-3.); (4) A copy of the transcript of the Sentencing Hearing (Id., Document No. 147-4.); and (5) A copy of the "Agreed Order of Forfeiture" as filed in Civil Action 2:10-0992 (Id., Document No. 147-5.).

Movant filed her Reply on September 19, 2014. (Id., Document No. 148.)

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or law of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006).

The filing of a Section 2255 motion does not supplant or obviate the need to file a direct appeal. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). The United States Supreme Court explains that "a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). A non-constitutional claim

6

that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion. Stone v. Powell, 428 U.S. 465, 478 fn. 10, 96 S.Ct. 3037, 3044 fn. 10, 49 L.Ed.2d 1067(1976). A constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion unless the movant can show either (1) "cause and actual prejudice resulting from the errors of which he complains," or (2) "he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. at 493. Actual prejudice is shown by demonstrating that the error worked to movant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986)). "In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. Mikalajunas, 186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent. Id. at 494. The movant must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Furthermore, a movant may not reassert a claim decided on direct review. In Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), cert. denied, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception

exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. See <u>Davis v. United States</u>, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974).

**1.** **Breach of Plea Agreement:**

In her Motion, Movant alleges that United State breached the terms of the plea agreement by failing to return "the forfeited monies and property to Movant." (Civil Action No. 13-30583, Document No. 139, p. 2.) Movant explains that the United States agreed to dismiss "both forfeiture provisions in Criminal No. 2:12-00062." (<u>Id.</u>) Movant, however, complains that "[t]he Government has not returned any of the forfeited monies and property to Movant." (<u>Id.</u>) Specifically, Movant states as follows: "Movant had monies taken by the Government from personal checking accounts with her daughter totaling $13,000; The Government has taken $208,000 that was paid to Movant that the Government interceded; Movant had two business accounts one at Clay County Bank with approximately $75,000 and a Chase Bank Account with approximately $200-300 thousand in the account; The Government took Movant's vehicle and land owned by her that is also co-owned by her son." (<u>Id.</u>, p. 3.) Movant argues that "none of these items have been returned to Movant as agreed upon in the plea agreement." (<u>Id.</u>) Movant, therefore, requests that the forfeited money and property be immediately returned, her sentence be vacated, and that she be immediately released from custody. (<u>Id.</u>)

In Response, the United States first argues that Movant's claim is procedurally barred because she failed to raise the issue on direct appeal. (<u>Id.</u>, Document No. 147, pp. 7 - 8.) Second, the United States notes that Movant waived her appellate rights. (<u>Id.</u>, pp. 8 - 11.) Finally, the United States asserts that it did not breach the plea agreement. (<u>Id.</u>, p. 12.)

In Reply, Movant argues that she is "not procedurally barred from bringing the claim for

8

purposes of collateral attack" because "Jamie was barred to file a Notice of Appeal by the terms of the plea agreement." (Id., Document No. 148, pp. 1 - 2.) Next, Movant argues that the United States breached the plea agreement. (Id., pp. 3 - 4.) Movant, however, acknowledges that the "criminal forfeitures are identical to the civil forfeitures." (Id.) Movant contends that she "signed the civil papers and the plea agreement with the knowledge that the civil forfeitures would be dismissed through the criminal plea agreement." (Id., p. 4.)

The undersigned finds that Movant's claim that the government breach the plea agreement is procedurally barred. Although Movant executed an appellate waiver as part of her plea agreement, such a waiver is unenforceable if the Government breaches its obligations under a plea agreement. United States v. Cohen, 459 F.3d 490, 495 (4th Cir. 2006)(stating that "we will not enforce an otherwise valid appeal waiver against a defendant if the government breached the plea agreement containing that waiver"). Thus, a meritorious claim for breach of the plea agreement could have been raised on direct appeal. Movant, however, failed to raise the issue on appeal and has not shown good cause for failing to do so, that prejudice has resulted, or that a miscarriage of justice would result from the refusal of the Court to entertain the collateral attack. Accordingly, Movant's above claim is procedurally barred.

Even considering Movant's claim on the merits, it is clear that her claim is without merit. Movant contends that the United States agreed to dismiss the two forfeiture provisions and return her property. A review of the record reveals that the plea agreement stated, in pertinent part, as follows:

> **RESOLUTION OF CHARGES.** Ms. Jamie will plead guilty to Count Eight of said superseding indictment, which charges her with a violation of 18 U.S.C. § 371. Following final disposition, the United States will move the Court to dismiss Counts One - Seven and Counts Nine - Nineteen and both forfeiture provisions in Criminal No. 2:12-00062 as to Ms. Jamie.

(Criminal Action No. 2:12-00062, Document No. 116, p. 2, ¶ 2.) The undersigned has thoroughly

reviewed the contents of the plea agreement and finds no indication that the United States agreed to return the above stated money or property to Movant. Pursuant to the plea agreement, the United States properly dismissed both forfeiture provisions in the Superseding Indictment. Further, there is no evidence that the United States pursued the criminal forfeitures. As part of Agreed Orders enter in Civil Actions 2:10-0859 and 2:10-0992, Movant agreed to the following: (1) to pay to the United States $13,458.50 from an account at BB&T, $57,750.00 and $25,937.15 from accounts at Clay County Bank, and $222,046.72 from an account at JP Morgan Chase; (2) to relinquish any claim to and otherwise release $233,853 payable by Putnam County Aging Program, Inc., and $9,018 payable by Medicaid; and (3) to civilly forfeit an excavated lot at 105 Graff Lane, Charleston, West Virginia and a 2007 Mercedes Benz S550. (Civil Action 2:10-0859, Document No. 28 and Civil Action No. 2:10-00992, Document Nos. 61, 70, 103.) Thus, Movant's money and property were surrendered or forfeited as a result of a settlement agreement in Civil Actions Nos. 2:10-0859 and 2:10-0092. Movant's argument that the United States breached the plea agreement by improperly taking her money and property pursuant to a criminal forfeiture is without merit.

**2.    Validity of Plea:**

In her Motion, Movant argues that she entered into the plea agreement involuntarily. (Civil Action No. 2:13-30583, Document No. 139, pp. 5 - 6.) Specifically, Movant claims that "the plea agreement between Movant and the United States Government is void and eligible for attack because of the terror, inducements, and blatant threats at the hands of the Government violated her due process rights." (Id., p. 6.) Movant alleges that the United States "arranged to have S.W.A.T. to find her son and to keep him at gun point until Movant signed a plea agreement with the Government." (Id., p. 6.) Movant states that "[t]he terror that engulfed her that day, and the love for the life of her son, is why Movant felt that she had no choice but to sign a plea agreement." (Id.)

10

In Response, the United States contends that Movant's "argument is untrue, and untimely." (Id., Document No. 147, p. 19.) The United States notes that Movant "gives no cause that excuses the failure to raise this error on direct appeal, and cannot show actual prejudice resulting from such an error." (Id., pp. 20 - 21.) Furthermore, the United States notes that "during her plea colloquy, under oath, she represented to the Court that she was pleading guilty on her own accord and not to protect anyone, that she was not coerced, and that her plea was not a result of harassment." (Id., p. 21.)

In Reply, Movant argues that she is "not procedurally barred from bringing the claim for purposes of collateral attack" because "Jamie was barred to file a Notice of Appeal by the terms of the plea agreement." (Id., Document No. 148, pp. 1 - 2.) Next, Movant continues to argue that she pled guilty because "of the terror induced by placing the S.W.A.T. team on her son, as [Movant] had no idea if they would really shoot him." (Id., p. 5.) Thus, Movant states that she felt compelled to continue with the guilty plea. (Id.)

The undersigned finds that Movant's claim that the her plea was involuntary is procedurally barred. Although Movant executed an appellate waiver as part of her plea agreement, such a waiver is only enforceable if it is entered into voluntarily. See United States v. Johnson, 410 F.3d 137 (4th Cir. 2005); United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) Thus, a claim of involuntary plea could have been raised on direct appeal. Movant, however, did not raise the issue on appeal. Movant has not shown and cannot show good cause for failing to do so and that prejudice has resulted. Further, Movant cannot show that a miscarriage of justice would result from the refusal of the Court to entertain the collateral attack. Although Movant disputes the validity of her plea agreement, she does not allege or present clear and convincing evidence that she is actually innocent of her charge which is the basis for her conviction. The Court, therefore, finds that the above error

is procedurally barred.

Even considering Movant's claim on the merits, it is clear from the discussion below that her claim of involuntary plea is without merit.[4]

### 3. **Ineffective Assistance of Counsel:**

Indigent criminal defendants have the constitutional right to effective assistance of counsel through direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical

---

[4] The undersigned will discuss the validity of Movant's plea within her claim of ineffective assistance of counsel.

12

decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

Movant alleges that her plea was involuntarily because trial counsel allowed the United States to coerce her into an involuntary plea agreement. (Civil Action No. 2:13-30583, Document No. 139, pp. 3 - 5.) Plaintiff continues to argue that on October 1, 2012, the United States sent a S.W.A.T. team to retrieve her son and the "S.W.A.T. had guns pointing directly at Movant's son preparing to shoot." (Id., Document No. 139, p. 3.) Movant alleges that she called her defense counsel for help, and defense counsel "instructed Movant to cancel the trial date and sign a plea agreement with the United States Attorney and stated it will then all go away." (Id.) Movant contends that she

immediately went to the federal building and signed the plea agreement in the presence of defense counsel and the United States Attorney. (Id.) Movant states that "once she signed the plea agree, the U.S. Attorney made a phone call to Brian of the S.W.A.T. to relieve them of their duty." (Id.)

A guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970). "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Once a criminal defendant has pled guilty, collateral review is limited to an examination of "whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569, 109 S. Ct. 757, 102 L.Ed.2d 927 (1989); see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1294 - 95 (4th Cir. 1992). A guilty plea will be deemed involuntary if it is entered without knowledge of material information withheld by the prosecution. See for example Sanchez v. United States, 50 F.3d 1448, 1453 (9th Cir. 1995)(A defendant challenging the voluntariness of a guilty plea may assert a claim under Brady that the prosecution withheld evidence favorable to the defendant and material to guilt or punishment when defendant requested it.).

Based upon a review of the record, the undersigned finds no evidence supporting Movant's claim that she was coerced into signing the plea agreement. On September 28, 2012, the United States filed a Motion to Continue the Trial Pending Apprehension of a Material Witness. (Criminal Action No. 2:12-00062, Document No. 106.) In support of the Motion, the United States noted that trial was scheduled for October 2, 2012, and there was substantial reason to believe that Movant's son (Jimmy Jamie) was purposefully disregarding the trial subpoena requiring his presence. (Id.) The same day, the United States had obtained a Material Witness Arrest Warrant for Mr. Jamie. (Id.) The District Court conducted a hearing on the Motion to Continue on October 1, 2012, the same day Movant

alleges the S.W.A.T. team threatened the life of her son. (Id., Document Nos. 110 and 143.) During the hearing, defense counsel joined in the Motion to Continue noting his own independent reasons for a continuance: (1) the possibility of reaching a plea agreement; and (2) additional time to review recently provided discovery. (Id., Document No. 143, p. 7 - 9.) The United States also acknowledged that "[w]e engaged in some serious plea negotiations last night and this morning, and that may obviate a requirement or a request by the United States to detain and render it unnecessary for detaining Mr. Jamie if he is arrested." (Id., p. 10.) On October 2, 2012, Movant pled guilty to Count Eight of the Superseding Indictment. (Id., Document No. 116.) During the Plea Hearing, the District Court thoroughly questioned Movant regarding whether her decision to pled guilty was voluntary. (Id., Document No. 142.) Specifically, the District Court questioned Movant as follows:

> THE COURT: Ms. Jamie, is this plea the result of any threat or coercion or harassment of you by anyone?
>
> THE DEFENDANT: No.
>
> THE COURT: Is it the result of any promise or inducement other than those contained in the plea agreement?
>
> THE DEFENDANT: No.
>
> THE COURT: Are you pleading guilty to protect anyone?
>
> THE DEFENDANT: No.
>
> THE COURT: Are you acting voluntarily and of your own free will in entering this guilty plea.
>
> THE DEFENDANT: Yes.

(Id., Document No. 142, p. 29.) Movant further acknowledged that she was pleading guilty because she was in fact guilty of the charge. (Id., p. 30.) Finally, Movant affirmed that she was satisfied with representation from defense counsel. (Id.) Specifically, the District Court inquired as follows:

| | |
|---|---|
| THE COURT: | Has your attorney adequately represented you in this matter? |
| THE DEFENDANT: | Yes. |
| THE COURT: | Has your attorney left anything undone which you think should have been done? |
| THE DEFENDANT: | No. |

(Id.) The District Court concluded that Movant's plea was voluntary and was not the result of any promises or threats. (Id.) Nothing in the record indicates that Movant's plea was involuntary or that trial counsel allowed the United States to threaten or coerce Movant into pleading guilty. Accordingly, Movant's allegation that her plea was entered into involuntarily due to ineffective assistance of counsel is without merit.

**4.     Sentencing Enhancement:**

In her Motion, Movant argues that the District Court improperly calculated her sentence pursuant to the Sentencing Guidelines.[5] (Civil Action No. 2:13-30583, Document No. 139, p. 6.)

---

[5] It is well established that a non-constitutional error may only serve as a basis for collateral attack when it involves "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). The Fourth Circuit has held that "ordinary misapplication of the guidelines does not amount to a miscarriage of justice." *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999); *United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999). Recently, the Fourth Circuit considered "what constitutes an 'ordinary' Guidelines error as opposed to something more fundamental." *Whiteside v. United States*, 748 F.3d 541, 548-53 (4th Cir. April 8, 2014)(reversed on other grounds), *rev'd en banc*, 2014 WL 7245453 (Dec. 19, 2014). In *Whiteside*, the Fourth Circuit determined that "an erroneous application of the career offender enhancement amounts to a fundamental miscarriage of justice that is cognizable on collateral review." *Id.* at 551. The Fourth Circuit explained as follows at 552:

> [T]he impact of the career offender enhancement is far from ordinary. It is certainly nothing like the two-level enhancement for restraint of the victim which was rejected as a source of habeas relief in *Mikalajunas*. That case presents a far better example of a garden variety Guidelines adjustment that, while possibly having an impact on the defendant's sentence, cannot be said to constitute a fundamental miscarriage of justice. In contrast, an enhancement that casts the defendant as a hopeless recidivist

Specifically, Movant argues that the District Court erred in applying a three point enhancement for Substantial Interference with the Administration of Justice. (Id.) Movant further alleges that the District Court improperly determined her Base Offense Level to be 14. (Id.) Movant argues that she did not obstruct justice by hiring a felon. (Id.) Movant explains that she "did not know the individual was a felon." (Id.) Thus, Movant argues that she never obstructed justice or interfered with the administration of justice. (Id.)

In Response, Respondent argues that Movant's above claim should be dismissed based on the following: (1) "Claims based on errors in sentencing are not proper subjects for 2255 motions;" (2) the claim is procedurally barred; (3) Movant waived her appellate and *habeas* rights regarding the above claim; and (4) "the 14 point base offense and the 3point enhancement were agreed upon in the plea agreement." (Id., Document No. 147, pp. 22 - 24.)

In Reply, Movant continues to argue that she "did not substantially interfere with the administration of justice." (Id., Document No. 148, p. 7.) Movant argues that she "has a constitutional right to defend herself against criminal allegations; especially ones that aren't true." (Id.) Movant contends that "[t]he government never stated a fact that met the element of U.S.S.G. § 2J1.2(b)(2) in which she was enhanced." (Id.)

It is well established that defendant may waive her right to appeal or collaterally attack her

---

worthy of the strictest possible punishment, and that has the effect of robbing a defendant of this freedom for some eight years, is fundamentally different.

In the instant case, Movant appears to be arguing that the District Court miscalculated the Guideline range by improperly applying a three point enhancement for Substantial Interference with the Administration of Justice. Similar to *Mikalajuna* and *Pregent*, Movant is alleging an "ordinary" misapplication of the Guidelines which does not amount to a miscarriage of justice. Furthermore, Movant agreed to a Base Offense Level of 14 and a three level enhancement for Substantial Interference With Administration of Justice as part of her plea agreement. (Criminal Action No. 2:12-00062, Document No. 116, p. 5.) Therefore, Movant's claim is without merit.

conviction and sentence if the waiver was entered into knowingly and voluntarily. Johnson, 410 F.3d at 137; Lemaster, 403 F.3d at 220. "To determine whether a waiver is knowing and intelligent, this court examines 'the totaility of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with th terms of the plea agreement.'" United States v. Johnson, 480 Fed.Appx. 229, 230 (4th Cir. 2012)(citation omitted). Generally the waiver is valid and enforceable, if a court fully questions a defendant regarding the waiver of her right to appeal during the Rule 11 colloquy. Id.

For the reasons stated above, the undersigned first finds that Movant's plea agreement and appellate waiver was voluntary. Next, the undersigned will consider whether the appellate waiver was knowing and intelligent. A review of the plea agreement reveals that the waiver was clear and unambiguous. Specifically, the plea agreement stated, in pertinent part, as follows:

> Ms. Jamie also knowingly and voluntarily waives the right to challenge her guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

Considering Movant's educational background, the record reveals that Movant completed high school and had approximately three years of college education. (Criminal Action No. 2:12-00062, Document No. 142, p. 3.) During the plea hearing, the terms of the plea agreement and appellate waiver were thoroughly reviewed with Movant and she acknowledged that she understood the terms and consequences of signing the plea agreement. (Id., pp. 7 - 16.) During the Rule 11 colloquy, the District Court inquired as follows:

> THE COURT: All right. Well, with that in mind then, the first paragraph of Section 11 contains an appeal waiver and I want to go over that with you now.
>
> Do you understand that you waive your right to appeal any sentence of imprisonment, fine, or term of supervised release,

conviction, and any sentence of imprisonment, fine or term of supervised release or the manner in which the sentence was determined on any ground whatsoever, with one exception; you may appeal any sentence that exceed the maximum penalty set forth by statute. Do you understand that waiver?

THE DEFENDANT: Yes, I do.

THE COURT: All rights. And then, in the second paragraph - - well, let me go back to the first one. Anything about that that you don't understand or that you have questions about?

THE DEFENDANT: No.

THE COURT: All right. Then, in the second paragraph, do you also understand that you may not file a later civil proceeding, sometimes referred to as a "collateral attack" or a "habeas corpus petition," challenging your plea, conviction or sentence?

THE DEFENDANT: Yes, I do.

(Id., pp. 16 - 17.) Based on the foregoing, the undersigned finds that Movant's appellate waiver was knowing and intelligent. Thus, Movant waived her right to challenge the calculation of the sentence. Accordingly, the undersigned finds that Movant's challenge to the calculation of her sentence should be dismissed.

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 138.) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant

to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: January 28 , 2015.

R. Clarke VanDervort
United States Magistrate Judge